UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARD B., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMMISSIONER OF SOCIAL SECURITY, § <br> § <br> Defendant. § | Case # 1:20-cv-958-DB <br><br> MEMORANDUM DECISION <br> AND ORDER |

## INTRODUCTION

Plaintiff Bernard B. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the Act). *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 13).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 10, 11. Plaintiff also filed a reply. *See* ECF No. 12. For the reasons set forth below, Plaintiff's motion (ECF No. 11) is **DENIED,** and the Commissioner's motion (ECF No. 12) is **GRANTED.**

## BACKGROUND

Plaintiff protectively filed his DIB application on August 22, 2016, alleging disability beginning April 22, 2015 (the disability onset date), due to high blood pressure; back, hip, knee, shoulder, elbow, neck, and spine pain; and a ruptured disc. Transcript ("Tr.") 88, 185-188, 207. Plaintiff's application was denied initially on December 14, 2016 (Tr. 89-92), after which he requested an administrative hearing (Tr. 94-96). On March 25, 2019, Administrative Law Judge

Mary Mattimore (the "ALJ") conducted a hearing in Buffalo, New York. Tr. 18, 36-75. Plaintiff appeared and testified at the hearing and was represented by Stephen Brooks, an attorney. Tr. 18. Adolph Cwik, an impartial vocational expert ("VE"), also appeared and testified via telephone. Tr. 18, 65.

On April 11, 2019, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled. Tr. 18-29. On July 6, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's April 11, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in her April 11, 2019 decision:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2020;

2. The claimant has not engaged in substantial gainful activity since April 22, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*);

3. The claimant has the following severe impairments: degenerative joint disease of the left hand; lumbar stenosis; cervical radiculopathy; patellofemoral stress syndrome of the right knee; epicondylitis of the right elbow; right shoulder tendinitis and tearing; left carpal tunnel syndrome; left index and middle finger trigger finger with joint arthritis; bilateral avascular necrosis of the hip femoral head; and obesity (20 CFR 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5. The claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[1] except he can stand and/or walk for 4 hours in a workday; can occasionally climb ramps, stoop, kneel, crouch and crawl; can occasionally push/pull bilaterally and occasionally reach overhead bilaterally; can frequently reach in other directions bilaterally; can never climb ropes, ladders, or scaffolds; can frequently finger or handle bilaterally but cannot perform forceful actions in handling, such as using a hammer or use of a screwdriver;

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565);

7. The claimant was born on April 18, 1965 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564);

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a);

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 22, 2015, through the date of this decision (20 CFR 404.1520(g).

Tr. 18-29.

Accordingly, the ALJ determined that, for a period of disability and disability insurance benefits filed on August 22, 2016, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 29.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ did not fully explain the reaching limitations in her RFC assessment. *See* ECF No. 10-1 at 14-17. Specifically, Plaintiff argues that the ALJ selectively rejected the favorable portion of the opinion of internal medicine consultative examiner Harbinder Toor, M.D. ("Dr. Toor"), because she gave "significant" weight to the opinion but then did not credit Dr. Toor's limitation that Plaintiff has "moderate" limitations with reaching. *See id*.

The Commissioner argues in response that substantial evidence supports the ALJ's determination that Plaintiff could perform a range of light work with the limitations described in the RFC. *See* ECF No. 11-1 at 6-11. According to the Commissioner, the ALJ's decision is consistent with Dr. Toor's opinion that Plaintiff had moderate reaching limitations, and the ALJ cited substantial evidence to support her finding that the evidence did not support greater limitations than those assessed in the RFC. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77. Upon review of the record in this case, the Court finds that the ALJ appropriately considered the medical opinions and the other evidence of record, and her conclusion that Plaintiff was capable of light work despite his impairments was supported by substantial evidence.

A claimant's RFC is the most he can still do despite his limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Moreover, the ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*,

6

508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.). Furthermore, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). An ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588.

Additionally, the burden to provide evidence to establish the RFC lies with Plaintiff—not the Commissioner. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry . . . ."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Plaintiff alleges that the ALJ "nonsensically" bifurcated Dr. Toor's opinion by limiting Plaintiff to only occasional overhead reaching while at the same time finding he could frequently reach in all other directions. *See* ECF No. 10-1 at 16. Contrary to Plaintiff's contentions, the ALJ properly analyzed the opinion evidence and the other evidence of record when developing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1527, 416.927. As the ALJ reasonably explained, her RFC

finding was consistent with Dr. Toor's opinion that Plaintiff had only moderate reaching limitations. Tr. 22-27, 493-97. Dr. Toor examined Plaintiff in October 2016 and opined, in relevant part, that Plaintiff had moderate limitations in reaching, more severe in his right shoulder than his left. Tr. 496. The ALJ gave Dr. Toor's opinion significant weight and included limitations in the RFC based on it, including occasional overhead reaching; frequent reaching in all other directions; occasional pushing and pulling; and light work, involving lifting and carrying no more than 20 pounds at a time. Tr. 22.

Plaintiff contends that the ALJ improperly rejected Dr. Toor's opinion about his moderate ability to reach (*see* ECF No. 10-1 at 16); however, the ALJ did not reject that portion of Dr. Toor's opinion. Rather, the ALJ limited Plaintiff to only occasional overhead reaching and frequent reaching in all other directions, with occasional pushing and pulling (Tr. 22, 27). *See Cottrell v. Comm'r of Soc. Sec.*, No. 17-CV-6893-FPG, 2019 WL 201508, at *1 (W.D.N.Y. Jan. 15, 2019) ("[c]ontrary to Cottrell's assertion, the ALJ did not wholly reject [the medical] opinions; instead, she afforded them 'partial' and 'some' weight and relied on portions of them to determine Cottrell's RFC"). Furthermore, contrary to Plaintiff's assertion that the ALJ did not explain why she limited Plaintiff to frequent reaching as opposed to only occasional reaching, the ALJ properly analyzed the opinion evidence and the other evidence of record and clearly explained her rationale for the limitations included in Plaintiff's RFC. Tr. 22-27. The ALJ also explained that Dr. Toor's findings were "not inconsistent with the range of light work described" in the ALJ's RFC assessment. Tr. 26, 493-97.

Moreover, in considering the medical opinion evidence, the ALJ noted that she gave partial weight to the opinion of consultative examiner Donna Miller, D.O. ("Dr. Miller"). Tr. 22. Dr. Miller opined that Plaintiff had mild limitations in heavy lifting and carrying with no reaching

8

limitations. Tr. 307-10. The ALJ explained that, based on the evidence in the record, including the opinion of Dr. Toor, she assessed greater limitations than those assessed by Dr. Miller. Tr. 22-27.

As the ALJ's discussion of the evidence makes clear (Tr. 22-27), the record as a whole provides substantial evidence supporting the ALJ's RFC assessment. *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. Sept. 29, 2016) (an ALJ looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC). As explained above, RFC is an administrative finding, not a medical one. *See* 20 C.F.R. § 416.927(d); *Snell v. Apfel*, 177 F.3d 128, 133 (2nd Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the ALJ). Furthermore, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted) (ALJ's decision supported by other evidence despite rejecting the only medical opinion in the record); *see also Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019).

Here, the record as a whole supports the ALJ's conclusion. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. Feb. 7, 2019) (finding that RFC for light work is supported by diagnostic evidence, opinion evidence showing moderate limitations, examination and treatment notes, and activities of daily living); *Monroe*, 676 F. App'x at 7 (finding that the ALJ could rely on treatment notes and activities of daily to formulate the RFC assessment, and rejected the argument that a medical opinion was required). In addition to the opinion evidence, the ALJ explained that her RFC assessment was consistent with Plaintiff's 4-5/5 muscle strength, his generally normal range of motion, his conservative treatment history, and his significant daily activities. Tr. 27.

First, the ALJ considered that examination findings generally showed normal range of motion in Plaintiff's bilateral upper extremities. Tr. 25-27, 309, 335, 337, 339-40, 350-51, 784, 787. As the ALJ explained, any deficits regarding Plaintiff's upper extremity range of motion were limited and did not continue throughout the longitudinal record. Tr. 22-27. The ALJ also explained that she accounted for Plaintiff's reports of trouble lifting and reaching in the RFC by limiting him to occasional overhead reaching and frequent reaching in all other directions, but she noted that the record did not support any greater limitations than those assessed. Tr. 23-26.

The ALJ also explained that examinations generally showed full (5/5) strength in the bilateral upper extremities with intact sensation and reflexes, and no muscle atrophy. Tr. 25-27, 308-09, 335, 337, 339-40, 350-51, 391, 395, 398, 401, 418, 424-26, 784, 787. The ALJ considered that Plaintiff occasionally had 4/5 upper extremity strength, but she explained that these findings were not consistent with the longitudinal record, which generally showed full strength. Tr. 25-27, 308-09, 335, 337, 339-40, 350-51, 391, 395, 398, 401, 418, 424-26, 784, 787. Regardless, the ALJ explained that she accounted for Plaintiff's 4-5/5 muscle strength in her RFC finding for a range of light work. Tr. 26.

The ALJ also explained that Plaintiff's daily activities "suggest[ed] a greater physical functional ability than alleged, especially pertaining to the claimant's use of his hands and upper extremities." Tr. 26. *See* 20 C.F.R. § 404.1529(c)(3)(i) (An ALJ may consider the nature of a claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole.); *see also Ewing v. Comm'r of Soc. Sec.*, No. 17-CV-68S, 2018 WL 6060484, at *5 (W.D.N.Y. Nov. 20, 2018) ("Indeed, the Commissioner's regulations expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms.") (citing 20 C.F.R. § 416.929(c)(3)(i)). As the ALJ noted, Plaintiff used a

lawn mower, drove for extended periods, lived alone, shopped, cooked, and played video games. Tr. 26, 226-27, 308, 313, 460, 494, 635. Plaintiff's activities of daily living are an important indicator of his level of functioning. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); *Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013). As the ALJ explained, Plaintiff's activities were inconsistent with his allegations of disabling upper extremity limitations. Tr. 26.

Based on the foregoing, the Court finds that ALJ thoroughly considered the record evidence, including medical opinion evidence and clinical evidence related to Plaintiff's range of motion and strength (Tr. 22-27), and specifically indicated that she gave Plaintiff the greatest benefit of the doubt by limiting him to occasional overhead reaching; frequent reaching in all other directions; occasional pushing and pulling; and light work, involving lifting and carrying no more than 20 pounds at a time (Tr. 22). Accordingly, the record supports the ALJ's conclusion as to Plaintiff's reaching limitations.

While Plaintiff may disagree with the ALJ's RFC finding, Plaintiff has not shown that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (The question is not whether there is substantial evidence to support the plaintiff's position, but whether there is substantial evidence to support the ALJ's decision.). Furthermore, as noted above, it is the ALJ's role to resolve evidentiary conflicts. *See* 20 C.F.R. § 416.920b(b) (an ALJ properly determines disability by resolving evidentiary inconsistencies in the record); *see also Veino*, 312 F. 3d at 588 ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

The substantial evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld

unless "a reasonable factfinder would *have to conclude* otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in the original); *see also Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute its own judgment even if it might justifiably have reached a different result upon a *de novo* review). Plaintiff here failed to meet his burden of proving that no reasonable factfinder could have reached the ALJ's findings on this record.

For all the reasons discussed above, the Court finds that, the ALJ properly considered the record as a whole, and her RFC determination was supported by substantial evidence, including the treatment notes, the opinion evidence, and Plaintiff's activities of daily living. Accordingly, the Court finds no error.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No.10) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE